**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHWETHA PAI, | : | CIVIL ACTION NO. 10-1465 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| REYNOLDS FOIL, INC., | : | |
| Defendant. | : | |

**COOPER, District Judge**

The plaintiff, Shwetha Pai ("Pai"), commenced this action in New Jersey Superior Court against the defendant, Reynolds Foil, Inc. ("Reynolds"), on January 19, 2010.  (Dkt. entry no. 1, Notice of Removal, Ex. 2, Compl.)  Reynolds removed the action to this Court in March 2010.  (Notice of Removal.)  Reynolds now moves to dismiss, transfer, or stay the action pending the resolution of a related matter in the United States District Court for the Eastern District of Virginia ("Eastern District of Virginia").  (Dkt. entry no. 5, Motion to Dismiss.)  The plaintiff opposes the motion.  (Dkt. entry no. 8, Pl. Br.)  The plaintiff also separately cross-moves to remand this action and to expedite the hearing on the cross motion to remand.  (Dkt. entry no. 7, Cr. Mot. to Remand; dkt. entry no. 8, Cr. Mot. to Expedite.)  The Court determines the motion and cross motions on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, the Court

will grant the part of the motion seeking to dismiss by Reynolds, deny as moot the parts of the motion seeking a transfer or a stay, and deny as moot the cross motions by Pai.

### BACKGROUND

Pai is a former employee of Reynolds. (Compl. at 1.) Prior to her employment with Reynolds, she was employed by "Alcoa." (Id. at 2.) While employed by Alcoa, Pai signed a Tuition Assistance Repayment Agreement ("Agreement"). (Id.) The Agreement provided that Alcoa would pay graduate school tuition on Pai's behalf, but Pai would be obligated to repay Alcoa if she were to voluntarily resign within three years of the completion of her graduate school program. (Id. at 3.) Reynolds later became the successor to the Agreement when it became Pai's employer.

Pai alleges that Reynolds constructively terminated her in 2009. (Id. at 6.) She states that in September 2009, a Reynolds executive informed her that it would discontinue certain material terms and conditions of her employment. (Id.) She further alleges that in October 2009, Reynolds insisted that she accept new terms and conditions of employment, including lower compensation. (Id. at 6-7.) She states that pursuant to the new terms, Reynolds would no longer pay her commuting costs. (Id. at 7.) Pai alleges that she informed Reynolds that she would not agree to these new terms and conditions. (Id.) She states that

2

Reynolds attempted to coerce her to agree to the new terms of employment by demanding that she pay it $126,820.00 unless she agreed to the new terms. (Id.) She further alleges that Reynolds informed her that it would accept her "voluntary resignation" unless she agreed to the new terms. (Id. at 8.)

Pai alleges that on October 20, 2009, Reynolds informed her that it had hired a new employee to replace her, despite her repeatedly informing Reynolds that she had no intention of voluntarily resigning. (Id.) She states that Reynolds then directed her to transition all of her work to the replacement employee. (Id.) She alleges that on December 1, 2009, she was terminated without cause. (Id. at 9.) She states that she appeared for work, but was told to relinquish her computer and other company property. (Id.) She states, however, that no one informed her that she was terminated and, as such, she remained on the premises, awaiting an assignment. (Id.) She states that Reynolds then threatened that they would summon the police if she did not leave the premises. (Id.)

Pai seeks a judgment declaring that she did not voluntarily resign from Reynolds and that Reynolds constructively terminated her in December 2009. (Id. at 10.) She further alleges breach of contract stating that Reynolds failed to perform its duties and obligations pursuant to the terms and conditions of her employment. (Id.) She further seeks damages for "bad faith

3

wrongful discharge." (Id. at 11.)  She states that Reynolds breached an implied covenant of good faith and fair dealing by denying her benefits and "execut[ing] a scheme to wrongfully recoup [her] graduate school tuition payments."  (Id.)

Reynolds brought an earlier separate action ("Virginia Action") against the plaintiff in October 2009 in the Eastern District of Virginia alleging that Pai breached the Agreement. (Def. Br. at 1.)  See Complaint, Reynolds Foil, Inc. V. Shwetha Pai, No. 09-657 (E.D. Va. 2009).  The complaint in the Virginia Action alleges that Reynolds complied with the Agreement and paid $126,820 in tuition on behalf of Pai. (Dkt. entry no. 5, Motion to Dismiss, Goldstein Decl., Ex. A, Virginia Compl. at 2.) Reynolds states that it informed Pai that she would need to relocate to Illinois, and that Pai agreed to this relocation. (Id.)  Reynolds states that after Pai completed graduate school in September 2009, she refused to relocate to Illinois.  (Id. at 2-3.)  Reynolds also asserts that Pai refused to accept an alternative work assignment that did not require relocation. (Id. at 3.)  Reynolds states that because Pai refused to relocate or accept the alternative work assignment, she has or will have voluntarily abandoned and resigned from her job within three years following the completion of graduate school, and is bound by the Agreement to repay Reynolds for the tuition it provided on

4

her behalf.  (Id.)  Reynolds alleges that Pai stated that she would not reimburse it for her tuition.  (Id. at 3.)

Pai filed an answer and counterclaims in the Virginia Action on February 12, 2010.  (Motion to Dismiss, Goldstein Decl., Ex. B, Answer.)  The counterclaims are identical to the claims in the Complaint here.  See Answer, Reynolds Foil, No. 09-657 (E.D. Va. 2009).  Pai moved to dismiss the complaint in the Virginia Action for improper venue and lack of jurisdiction, or in the alternative to transfer to the United States District Court for the District of New Jersey.  (Def. Br. at 5.)  The court in the Eastern District of Virginia denied the part of Pai's motion seeking to dismiss the complaint.  (Motion to Dismiss, Goldstein Decl., Ex. C, 3-25-10 Op.)  The court there found that it had jurisdiction over the action and that venue was proper.  (Id.) The court there further denied the part of Pai's motion seeking to transfer the case to the District of New Jersey.  (Id. at 18.) The court stated that the Eastern District of Virginia was an appropriate venue for this action, and that Pai failed to overcome the substantial weight given to the choice of venue of Reynolds.  The Virginia Action is set for trial August 2, 2010. (Motion to Dismiss, Goldstein Decl., Ex. D, Sched. Ord.)

**DISCUSSION**

**I.  First-Filed Rule**

The first-filed rule dictates that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988) (citation omitted). It "counsel[s] trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal courts." Id. (citation omitted). "[T]he rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments. Id. at 977. The rule "gives courts the power to stay, enjoin, or transfer a later-filed case." Allianz Life Ins. Co. v. Estate of Bleich, No. 08-668, 2008 WL 4852683, at *3 (D.N.J. Nov. 7, 2008).  A Court should only depart from the first-filed rule in cases of unusual or exceptional circumstances. Stone Creek Mech., Inc. v. Carnes Co., No. 02-1907, 2002 WL 31424390, at *2 (E.D. Pa. Oct. 25, 2002).  The Court may depart from the rule in instances of bad faith, forum shopping, or "when the first filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable forum." Maximum Human Performance, Inc. v. Dymatize Enters., Inc., No. 09-235, 2009 WL 2778104, at *3 (D.N.J. Aug. 27, 2009).  The plaintiff bears the burden of demonstrating an exception to the rule. Id.

**II.  Current Motion**

Reynolds seeks to dismiss the Complaint pursuant to the first-filed rule.  (Def. Br. at 2.)  Reynolds states that the claims and issues in the Virginia Action are identical to the claims at dispute here and, as such, the first-filed rule serves to bar this action.  (Id. at 3.)  It further states that because trial is set for August 2, 2010 in the Virginia Action, dismissal best serves juridical economy.  (Id.)

It next argues that in the alternative, the Court should transfer the case to the Eastern District of Virginia.  (Id. at 4.)  It argues that venue is proper in the Eastern District of Virginia, as was determined by that court in March.  (Id. at 4.)  It further argues that the court in the Eastern District of Virginia already evaluated the private and public interests involved in a motion to transfer analysis and determined that the action should remain in the Eastern District of Virginia.  (Id. at 6.)  Its final argument is that the Court should stay the action.  (Id. at 6.)

Pai argues that the action filed by Reynolds in the Eastern District of Virginia was filed in bad faith.  (Pl. Br. at 1.)  She argues that Reynolds continued to engage in settlement negotiations two months after bringing the Virginia Action but did not disclose the existence of the Virginia Action.  (Id. at 2.)  Pai contends that Reynolds filed this bad faith, preemptive

lawsuit before it was clear that she would even cease to be employed by Reynolds. (Id.)  Pai argues that this matter falls into the extraordinary circumstances exception to the first-filed rule. (Id.)  She argues that Reynolds did not attempt to serve the Virginia Complaint and "kept it a secret for two months" until after settlement negotiations failed. (Id.)  Pai argues that Reynolds filed the Virginia Action in anticipation of Pai filing the New Jersey action, and thus acted in bad faith in order to forum shop. (Id. at 6.)

Reynolds responds that it decided not to serve the complaint in the Virginia Action upon Pai in hopes that a resolution could be reached. (Dkt. entry no. 9, Reply Br. at 2.)  Reynolds states, however, that in November 2009, after Pai's attorney confirmed that Pai would not pay her obligation under the Agreement, Reynolds sent a process server to serve Pai. (Id. at 3.)  Reynolds contends Pai's attorney accepted service for her for the Virginia Action. (Id. at 3.)  Pai's attorney was served on December 30, 2009. See Summons and Proof of Service, Reynolds Foil, Inc. v. Shwetha Pai, No. 09-657 (E.D. Va. 2009). Reynolds states that after Pai's attorney accepted service of the Virginia action, Pai filed the New Jersey Complaint. (Reply Br. at 3.)  Reynolds further argues that Pai's claims that her attorney spoke with Reynolds counsel several times between October and December are false. (Id. at 3.)  Reynolds states that because this false

8

statement is the only proffered evidence of bad faith, Pai's argument should fail.  (Id. at 4.)

Reynolds contends that it is Pai's burden to demonstrate that there are special circumstances that warrant ignoring the first-filed rule, and she has failed to do so.  (Id. at 4.)  Reynolds argues that it did not bring the Virginia Action in bad faith, and Pai fails to demonstrate how the communications between the parties can demonstrate that the case was filed in bad faith.  (Id. at 5-6.)  It further contends that a delay in serving a complaint cannot indicate bad faith in bringing an action.  (Id.)

Reynolds further argues that it did not engage in improper forum shopping.  (Id. at 7.)  It states that an allegation of bad-faith forum shopping must be supported with evidence that the plaintiff cannot get a fair trial in the alternate forum or that the alternate forum's laws are less favorable.  (Id. at 7.)  It further contends that Pai fails to present any evidence that it brought the Virginia Action in anticipation of her New Jersey Action.  (Id. at 8.)  Reynolds states that in fact, the first threat of litigation from Pai came after the Virginia Action was filed.  (Id.)  Its final contention is that because the Virginia Action is set for trial on August 2, 2010, proceeding in New Jersey would be a waste of judicial resources.  (Id.)

**III. Analysis of the Motion**

The Court finds that this Complaint should be dismissed pursuant to the first-filed rule. Pai has failed to meet her burden of demonstrating an exception to the rule that warrants the Court's departure from it. The Court first finds that Pai's argument that Reynolds engaged in forum shopping fails. The mere commencement of an action in a more convenient district is not indicative of forum shopping. Stone Creek, 2009 WL 31424390, at *3. A plaintiff seeking to establish that the defendant engaged in improper forum shopping must show that the defendant was seeking to avoid negative law within another circuit. Id. Forum shopping exists where the defendant seeks out a forum "solely on the basis of having the suit heard in a forum where the law or judiciary is more favorable to one's cause in another." Id. (citation omitted). Pai has not pointed to any negative law that Reynolds might have been seeking to avoid. She merely states that Reynolds brought the action in order to forum shop. This is insufficient.

Pai also argues that Reynolds acted in bad faith by failing to serve her earlier. "Service[, however,] is not required in order for the first-to-file rule to take effect. The filing of the Complaint, and not service is the operative trigger for the first-to-file rule." Allianz, 2008 WL 4852683, at *4. "[T]he mere delaying of notice and service of a complaint in the hopes

10

of avoiding litigation through settlement does not constitute bad faith or improper forum shopping where both parties had a reasonable apprehension that filing suit was imminent." Zokaites v. Land-Cellular Corp., 424 F.Supp.2d 824, 838 (W.D. Pa. 2006). The delay of service, without more, is not indicative of bad faith.[1] The Court further notes that Pai brought the New Jersey Action three weeks after her attorneys accepted service on her behalf. The Court thus finds that Reynolds was not acting in bad faith when it delayed service.

Pai also argues that Reynolds brought the Virginia Action in bad faith in anticipation that she might bring an action in New Jersey. In determining whether the bad faith exception to the rule applies, the Court should consider whether the first-filed action was in "apparent anticipation of imminent judicial proceedings." Transcore, L.P. v. Mark IV Indus. Corp., NO. 09-2789, 2009 WL 3365870, at *5 (E.D. Pa. Oct. 15, 2009). "Courts in this circuit have found evidence of bad faith when the parties are involved in settlement negotiations, one party lays out a deadline by which [that party] will initiate litigation should settlement not be reached, and just prior to that deadline, the other party preemptively files a declaratory judgment action." Keating Fibre Int'l, Inc. v. Weyerhaeuser Co., 416 F.Supp.2d

---

[1] The existence of the Virginia Action also could have been ascertained through the electronic filing system, particularly by a party represented by counsel.

1048, 1052 (E.D. Pa. 2006). Pai only states in a conclusory manner that "defendant filed the Virginia Complaint anticipating that the plaintiff might file suit in New Jersey." This is insufficient to demonstrate that Reynolds commenced the Virginia Action in anticipation of a New Jersey Action. Pai makes no indication that she informed Reynolds she would bring an action. She has not met her burden of demonstrating bad faith on the part of Reynolds.

When applying the first-filed rule, the Court has the discretion to dismiss the Complaint. The Complaint here is identical to the counterclaims in the Virginia Action. The Virginia Action has also proceeded much further and is set for trial. The Court will thus grant the part of the motion seeking to dismiss the Complaint. See Crown Cork & Seal Co. v. United Steelworkers of Am., No. 03-1381, 2004 WL 117923, at *3 (W.D. Pa. Jan. 9, 2004) (granting motion to dismiss when the first-filed action was "substantially further along"). The Court will thus deny the plaintiff's cross motions as moot.

## CONCLUSION

The Court, for the reasons stated supra, grant the part of the motion seeking to dismiss. The Court will deny the cross motions to remand and to expedite the hearing on the remand issue as moot. The Court will also dismiss the Complaint here without

prejudice, as the Court is not addressing the claims on the merits.

        s/Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: May 4, 2010